United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AHMAD WILLIAMS AND MALAIKA WILLIAMS, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. H-25-0524 |
| § | |
| RENT 2 OWN TRAILERS, LLC, *et. al.*, § § § | |
| Defendants. § | |

ORDER

Pending before the Court is *Pro Se* Plaintiffs' Motion for Entry of Default Against All Defendants (Document No. 83); Defendants' Amended Rule 12 Motion to Dismiss (Document No. 97); Defendants' Motion for a Protective Order (Document No. 103); *Pro Se* Plaintiffs' Motion for Leave to File Response to Defendant's Reply (Document No. 106); *Pro Se* Plaintiffs' Motion for Dismissal with Prejudice With Respect to Defendants Western Security Surplus Insurance Brokers, LLC and Kay Campbell; and (Document No. 108); and *Pro Se* Plaintiffs' Motion for Dismissal with Prejudice With Respect to Defendant Nautilus Insurance Company (Document No. 109). Having considered each motion, accompanying submissions, and applicable law, the Court determines that: (1) Plaintiffs' motion for default should be denied; (2) Defendants' motion to dismiss should be granted;

(3) Plaintiffs' motions to dismiss with prejudice should be granted; (4) and the remaining motions should be denied.

## I. BACKGROUND

This matter arises from a contractual dispute involving a business arrangement to lease two food trailers. *Pro se* Plaintiffs Ahmed Williams ("Williams") and Malaika Williams (collectively "Plaintiffs"), are married food truck operators in the Philadelphia, Pennsylvania area. In May of 2022, Williams entered into a series of rental contract agreements ("the Agreements") with Defendant Rent 2 Own Trailers, LLC ("Rent 2 Own"), to lease two food trailers. Rent 2 Own contends that Williams defaulted on the Agreements during the course of the lease, and as a result, Rent 2 Own repossessed the two food trailers pursuant to the terms of the Agreements.

Based on the foregoing, Plaintiffs now bring suit against: (1) Defendant Rent 2 Own; (2) Defendant Gabriel Arguello, the owner of Rent 2 Own; (3) Defendants Frederico Arguello, Ivan Serna, Adriana Chuey, and Vicki Pirela, current employees of Rent 2 Own; (4) Defendant Arguello Insurance Group, the insurance provider for the two trailers subject of the Agreements; and (5) Defendant Jacobo Arguello, an employee of Arguello Insurance Group (collectively "Defendants"). Plaintiffs also bring suit against (1) Defendant Nautilus Insurance Company; (2) Defendant Western Security Surplus Insurance Brokers, LLC; and (3) Defendant Kay

Campbell, an insurance agent, each of whom will be dismissed with prejudice pursuant to pending motions before the Court.

On January 24, 2024, Plaintiffs filed suit *pro se* in the United States District Court for the Eastern District of Pennsylvania pursuant to the Court's diversity jurisdiction, alleging a variety of claims predicated on Pennsylvania law.[1] On February 4, 2025, this matter was transferred to the Southern District of Texas.[2] On April 21, 2025, Williams filed a motion for an entry of default against all Defendants in this matter. On May 27, 2025, the majority of defendants in this matter filed an amended motion to dismiss Plaintiffs' amended complaint. On July 9, 2025, and July 10, 2025, Plaintiffs filed separate motions to dismiss with prejudice Defendants Western Security Surplus Insurance Brokers, LLC, Kay Campbell, and Nautilus Insurance Company pursuant to the parties' settlement agreements.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces

---

[1] *See Plaintiff's Original Complaint*, Document No. 1.

[2] *See Eastern District of Pennsylvania Court Order Granting Motion to Transfer Venue*, Document No. 66.

does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

As a preliminary matter, Plaintiffs have filed two motions requesting dismissal with prejudice of Defendants Kay Campbell, Western Security Surplus Insurance, LLC, and Nautilus Insurance Company pursuant to their respective

settlement agreements.[3] Having considered the motions, submissions, and applicable law, the Court determines that both motions should be granted, and the three aforementioned defendants should be dismissed from this matter with prejudice. The Court will now consider, in turn, each motion pending before the Court.

*A. Pro Se Plaintiff's Motion for an Entry of Default*

Plaintiffs move for an entry of default pursuant to Federal Rule of Civil Procedure 55(a), contending that Defendants failed to respond to Plaintiffs' third amended complinat in a timely manner after this case was transferred from the Eastern District of Pennsylvania.[4] In response, Defendants contend that they are not in default, and timely filed a responsive motion to Plaintiff's operative complaint. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 55(a) permits a party to seek default in the event that a defendant has failed to plead or otherwise defend the lawsuit. Fed. R. Civ. P. 55(a). The entry of default judgment is committed to the discretion of the district judge. *See Lewis v. Lynn*, 236 F3d 766, 767 (5th Cir. 2001) (per curiam).

---

[3] *See Pro Se Plaintiffs' Motion for Dismissal with Prejudice with Respect to Defendants Western Security Surplus Insurance Brokers, LLC and Kay Campbell*, Document No. 108; *Pro Se Plaintiffs' Motion for Dismissal with Prejudice with Respect to Defendant Nautilus Insurance Company*, Document No. 109.

[4] *See Plaintiffs' Motion for Entry of Default*, Document No. 83 at 2.

5

Here, a review of the record in this matter indicates that Plaintiffs' operative complaint, the third amended complaint in this matter, was filed on May 17, 2024.[5] Further review indicates that all Defendants in this matter filed responsive pleadings on May 30, 2024, and May 31, 2024, well within the responsive pleading requirements found in Federal Rule of Civil Procedure 12(a)(1)(A). Accordingly, based on the foregoing, the Court finds that Plaintiff's motion for an entry of default should be denied. The Court will now consider Defendants' motion to dismiss.

*B. Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6)*

Defendants primarily contend that Plaintiffs are bound by a mediation clause contained within the Agreements underpinning this dispute, and thus, pursuant to the contract signed between the parties, Plaintiffs cannot bring suit in this Court prior to engaging in the mediation process. Defendants make reference to the Agreement's mediation provision, which states, in relevant part, that "[a]ny controversy or claim arising out of or related to this Agreement, or any breach thereof, shall be settled first by good faith mediation before a mutually acceptable mediator within thirty-day notice of such controversy or claim."[6] Defendants further contend that: (1) all of Plaintiffs' various causes of action arise or relate to the Agreement; (2) Plaintiffs

---

[5] *See Plaintiff's Third Amended Complaint*, Document No. 32.

[6] *Plaintiff's Second Amended Complaint*, Document No. 27, Exhibit B at 7 (*Underlying Rental Agreement*).

6

have failed to engage in the mediation process. Defendants now ask the Court to enforce the mediation clause of the Agreement and dismiss all of Plaintiffs' claims. The Court notes that it has reviewed the entirety of Plaintiffs' fifty-nine-page response to Defendants' motion to dismiss, and finds no argument or rebuttal therein relating to the mediation clause contained within the Agreement. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Considering that Plaintiffs and Rent 2 Own explicitly agreed that any controversy or claim arising out of or related to the Agreement must be settled first through mediation, and having found no evidence in the record that Plaintiffs engaged in the mediation process or that any claim arises out of a matter not related to the Agreement, the Court finds that Defendants' motion to dismiss should be granted.[7]

Based on the foregoing, the Court finds that Defendants' motion to dismiss should be granted, and Plaintiffs claims against the remaining Defendants in this matter should be dismissed. Accordingly, considering the Court's dismissal of

---

[7] Considering the Court's finding that Plaintiffs failed to engage in the mediation process as required by the Agreement, the Court declines to consider Defendants arguments related to: (1) piercing the corporate veil; (2) forgery or fraud; (3) negligence; (4) conspiracy; the Equal Credit Opportunity Act; (5) unjust enrichment; (6) loss of consortium, or (7) any of the remaining federal causes of action raised by *pro se* Plaintiffs.

Plaintiffs' operative complaint in this matter, the Court determines that the remaining non-dispositive motions before the Court should be denied as moot.[8]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that *Pro Se* Plaintiffs' Motion for Entry of Default Against All Defendants (Document No. 83) is **DENIED**. The Court further

**ORDERS** that Defendants' Amended Rule 12 Motion to Dismiss (Document No. 94) is **GRANTED**. The Court further

**ORDERS** that Defendants' Motion for a Protective Order (Document No. 103) is **DENIED AS MOOT**. The Court further

**ORDERS** that *Pro Se* Plaintiffs' Motion for Leave to File Response to Defendant's Reply (Document No. 106) is **DENIED AS MOOT**. The Court further

**ORDERS** that *Pro Se* Plaintiffs' Motion for Dismissal with Prejudice with Respect to Defendants Western Security Surplus Insurance Brokers, LLC and Kay Campbell; and (Document No. 108) is **GRANTED**. The Court further

**ORDERS** that *Pro Se* Plaintiffs' Motion for Dismissal with Prejudice with Respect to Defendant Nautilus Insurance Company (Document No. 109) is **GRANTED**. The Court further

---

[8] *See Defendants' Motion for a Protective Order*, Document No. 103); *Pro Se Plaintiffs' Motion for Leave to File Response to Defendant's Reply*, Document No. 106.

**ORDERS** that Plaintiffs' claims against Defendants Rent 2 Own Trailers, LLC; Gabriel Arguello; Frederico Arguello; Ivan Serna; Adriana Chuey; Vicki Pirela; Arguello Insurance Group; and Jacobo Arguello are **DISMISSED WITHOUT PREJUDICE**. The Court further

**ORDERS** that Plaintiffs' claims against Defendants Western Security Surplus Insurance Brokers, LLC, Kay Campbell, and Nautilus Insurance Company are **DISMISSED WITH PREJUDICE.**

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this __11__ day of July, 2025.

DAVID HITTNER
United States District Judge