United States District Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AHMAD WILLIAMS & MALAIKA WILLIAMS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-25-0524 |
| | § | |
| RENT 2 OWN TRAILERS, LLC, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) (Document No. 132), and Defendants' Motion to Re-Urge Defendants' Amended Rule 12(B)(6) Motion (Document No. 135). Having considered the motions, submissions, and applicable law, the Court determines that both motions should be denied.

## I. BACKGROUND

This matter arises from a contractual dispute involving a business arrangement to lease two food trailers. *Pro se* Plaintiffs Ahmed Williams ("Williams") and Malaika Williams (collectively "Plaintiffs"), are married food truck operators in the Philadelphia, Pennsylvania area. In May of 2022, Williams

entered into a series of rental contract agreements ("the Agreements") with Defendant Rent 2 Own Trailers, LLC ("Rent 2 Own"), to lease two food trailers. Rent 2 Own contends that Williams defaulted on the Agreements during the course of the lease, and as a result, Rent 2 Own repossessed the two food trailers pursuant to the terms of the Agreements.

Based on the foregoing, Plaintiffs brought suit against: (1) Defendant Rent 2 Own; (2) Defendant Gabriel Arguello, the owner of Rent 2 Own; (3) Defendants Federico Arguello, Ivan Serna, Adriana Chuey, and Vickey Pirela, current employees of Rent 2 Own; (4) Defendant Arguello Insurance Group, the insurance provider for the two trailers subject of the Agreements; (5) Defendant Jacobo Arguello, an employee of Arguello Insurance Group; (6) Defendant Nautilus Insurance Company; (7) Defendant Western Security Surplus Insurance Brokers, LLC, and (8) Defendant Kay Campbell, an insurance agent.[1]

On January 24, 2024, Plaintiffs filed suit *pro se* in the United States District Court for the Eastern District of Pennsylvania pursuant to the Court's diversity jurisdiction, alleging a variety of claims predicated on Pennsylvania law.[2] On

---

[1] *See Plaintiff's Original Complaint*, Document No. 1.

[2] *See Plaintiff's Original Complaint*, Document No. 1.

February 4, 2025, this matter was transferred to this Court.[3] On July 11, 2025, this Court dismissed Plaintiffs' claims pursuant to a motion to dismiss by several defendants and several voluntary dismissals by Plaintiffs.[4] On July 9, 2026, the Fifth Circuit Court of Appeals vacated the aforementioned judgment and remanded for further proceedings.[5] On July 22, 2026, Plaintiffs filed the present motion to retransfer this matter back to the Eastern District of Pennsylvania.[6] On July 23, 2026, Defendant Rent 2 Own responded in opposition.[7] On that same date, Defendant Rent 2 Own filed a motion to re-urge its prior motion to dismiss.[8] On August 10, 2026, Plaintiffs responded in opposition.[9]

---

[3] *See Eastern District of Pennsylvania Court Order Granting Motion to Transfer Venue*, Document No. 66.

[4] *See July 11, 2025, Final Judgment*, Document No. 110 at 8–9.

[5] *See Order of the Fifth Circuit*, Document No. 130 at 5.

[6] *See Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a)*, Document No. 132 at 1.

[7] *See Defendants' Response to Plaintiffs' Motion to Retransfer*, Document No. 134 at 1.

[8] *See Defendants' Motion to Re-Urge Defendants' Amended Rule 12(B)(6) Motion*, Document No. 135 at 1.

[9] *See Plaintiffs' Response in Opposition to Defendants' Motion to Re-Urge Defendants' Amended Rule 12(b)(6) Motion (ECF No. 135)*, Document No. 140 at 1.

## II. LAW & ANALYSIS

The Court will consider, in turn, Plaintiffs' motion to retransfer followed by Rent 2 Own's motion to re-urge its motion to dismiss. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*A. Plaintiffs' Motion to Retransfer (Document No. 132)*

Plaintiffs move to retransfer this matter back to the United States District Court for the Eastern District of Pennsylvania, contending, in relevant part, that: (1) "[t]he Fifth Circuit's opinion invites a retransfer ruling from this Court"; (2) "[t]he premise of the transfer, that a valid forum-selection clause survives, does not withstand scrutiny"; and (3) "[t]he Section 1404(a) factors and the interest of justice favor the Eastern District of Pennsylvania."[10] In response, Rent 2 Own contends, in relevant part, that "Williams choice of forum merits no weight" and that "Williams exercised his 'venue privilege' before this dispute began."[11]

As a preliminary matter, "the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly

---

[10] *See Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a)*, Document No. 132 at 5, 8.

[11] *Memorandum of Law in Support of Defendants' Response to Plaintiffs' Motion to Re-Transfer (Doc 132)*, Document No. 138 at 12, 13.

erroneous.'" *In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (citing *United States v. Koenig*, 290 F.2d 166, 173 n. 11 (5th Cir. 1961)). Generally, "the decision of a transferor court should not be reviewed again by the transferee court." *Cragar*, 706 F.2d at 505 (citing *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974)).

Here, Plaintiffs appear to be contending that the United States District Court for the Eastern District of Pennsylvania's transfer of the current matter to this Court was erroneous because the signature on the contract containing the forum-selection clause was forged.[12] Plaintiffs note that "[t]he Pennsylvania court reasoned that, even if the third set was forged, the second set would 'control'"[13] Plaintiffs further contend that the Pennsylvania Court's reasoning was flawed because the third set of contracts contained a merger clause and "the third set is void as forged, and the second set was extinguished by the third."[14] However, Plaintiffs fail to explain why

[12] *See Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a)*, Document No. 132 at 5, 6.

[13] *Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a)*, Document No. 132 at 6.

[14] *Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a)*, Document No. 132 at 7.

this Court should treat the forum-selection clause of the third set of contracts as void due to forgery, but nonetheless treat the merger clause of that same contract as valid.

Based on the foregoing, and the Fifth Circuit's clear guidance that a transferee court should not review the decision of a transferor court, this Court finds that the transfer of this matter was not erroneous, and thus, declines to independently reconsider the transferor court's determination.[15] As such, the Court finds that Plaintiffs' present motion should be denied. The Court will now consider Defendant Rent 2 Own's pending motion.

*B. Defendants' Motion to Re-Urge Motion to Dismiss (Document No. 135)*

Defendants Rent 2 Own, Gabriel Arguello, Federico Arguello, Ivan Serna, Adriana Chuey, Vickey Pirela, Arguello Insurance Group, and Jacobo Arguello (collectively "Moving Defendants") "re-urge" their Rule 12(b)(6) Motion to Dismiss."[16] In response, Plaintiffs contend that the Moving Defendants' present motion should not be granted because it asks the Court to "GRANT Defendants' Rule 12(b)(6) Motion to Dismiss[.]"[17] Having considered the motion, submissions,

---

[15] To the extent Plaintiffs are raising additional arguments in support of their motion to retransfer, the Court declines to review the transferor court's transfer.

[16] *Defendants' Motion to Re-Urge Defendants' Amended Rule 12(B)(6) Motion*, Document No. 135 at 2; *see Defendants' Amended Rule 12 Motion to Dismiss*.

[17] *Plaintiffs' Response in Opposition to Defendants' Motion to Re-Urge Defendants' Amended Rule 12(b)(6) Motion (ECF No. 135)*, Document No. 140 at 6.

and applicable law, the Court determines that the Moving Defendants' motion should be denied without prejudice.

III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs' Motion to Retransfer this Action to the United States District Court for the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a) (Document No. 132) is **DENIED**. The Court further

**ORDERS** that Defendants' Motion to Re-Urge Defendants' Amended Rule 12(B)(6) Motion (Document No. 135) is **DENIED WITHOUT PREJUDICE**. The Court further

**NOTES** that the Defendants may file a new motion to dismiss addressing the grounds they contend remain available following remand. The Defendants shall file this motion, to the extent they intend to file one at all, in accordance with the Court's Amended Rule 16 Scheduling Order.[18]

SIGNED at Houston, Texas, on this 28 day of August, 2026.

DAVID HITTNER
United States District Judge

[18] *See Amended Rule 16 Scheduling Order*, Document No. 141 at 2.